FILED
2013 Oct-29 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **SHERYL HARVEY,** ]<br>]<br>**Plaintiff,** ]<br>]<br>v. ]<br>]<br>**STANDARD INSURANCE** ]<br>**COMPANY,** ]<br>]<br>**Defendant.** ] | **Civil Action No.:**<br>**4:13-CV-1674-VEH** |

## MEMORANDUM OPINION

This is a case brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), by the plaintiff, Sheryl Harvey, against the defendant, Standard Insurance Company ("Standard"). (Doc. 1-1). The case was filed on August 8, 2013, in the Circuit Court of Etowah County, Alabama. (Doc. 1-1). It was removed to this court on September 10, 2013. (Doc. 1). Upon request of the parties, the case was reassigned to the undersigned on September 18, 2013. (Doc. 7).

The case comes before the court on the motion to dismiss filed by the defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). For the reasons stated herein, the motion will be **GRANTED**.

I.   **FACTS AND PROCEDURAL HISTORY**

    A.   *<u>Harvey I</u>*

This is the <u>second</u> case the plaintiff has filed seeking the same relief. On October 26, 2010, Harvey filed an earlier action in the Circuit Court of Etowah County, Alabama. (Doc. 4-1); ((Doc. 1-1) in *Sheryl Harvey v. Standard Insurance Company*, 4:13-cv-1674-VEH (N.D. Ala.) ("*Harvey I*")). The one page complaint in that case read:

> 1.    Plaintiff has short and long term disability protection by an insurance contract administered by The Standard which pays benefits if she becomes disabled.
>
> 2.    Plaintiff is disabled and has applied for SSI benefits without a hearing.
>
> 3.    Plaintiff was approved for SSI benefits without a hearing.
>
> 4.    Plaintiff has exhausted her administrative remedies.
>
> 5.    This claim is filed pursuant to 29 U.S.C. § 1132.

(Doc. 1-1 in 4:13-cv-1674-VEH). On November 24, 2010, the defendant removed that case to this court, and it was randomly assigned to the undersigned. (Doc. 1 in 4:13-cv-1674-VEH).

On March 29, 2012, the court issued an opinion (*Harvey I)* finding:

> –    Standard issued the Certificate and Summary Plan Description Group Long–Term Disability Insurance, Policy No. 923454–B,

>   to Jeff Owens & Associates, Inc. *Harvey v. Standard Ins. Co.*, 850 F. Supp. 2d 1269, 1271 (N.D. Ala. 2012) *aff'd*, 503 F. App'x 845 (11th Cir. 2013).

– Standard served as the Administrator responsible for processing and evaluating disability claims made by participants and for construing the terms of the Group Policy. *Harvey*, 850 F. Supp. 2d at 1272.

– Harvey worked as a bookkeeper for Jeff Owens & Associates, Inc. for more than ten years. *Id.*

– Ms. Harvey came out of work on April 13, 2009 due to back pain. *Id.* at 1273.

– Standard determined Ms. Harvey was entitled to benefits under the STD policy for the maximum benefit period ending July 19, 2009, and paid benefits through that date. *Id.*

– On October 27, 2009, Standard sent Ms. Harvey a letter explaining its determination that she did not meet the "Own Occupation" definition of disability and, therefore, was not entitled to LTD benefits. *Id.* at 1274.

The court wrote:

>   The LTD Group Policy issued by Standard provided for one administrative appeal, which must be requested "in writing within 180 days after receiving notice of the denial." Standard's initial denial letter was dated October 27, 2009. Ms. Harvey filed her notice of her appeal as of right on December 12, 2009. Standard sent a letter on December 16, 2009, advising Ms. Harvey that her claim had been referred to the [Administrative Review Unit (ARU)]. The ARU conducted its independent review, which involved an interview of Ms. Harvey, submission of additional medical records, and the review by Dr. Carlson. The ARU completed its review and sent a letter on March 15, 2010, informing Ms. Harvey of its determination that Standard correctly

denied her claim for LTD benefits. The letter stated:

> You are entitled to one independent review of your claim under the terms of the Group Policy. We have completed that review, and have concluded that we will not be able to extend benefits to you. This concludes the administrative review process by the Administrative Review Unit.

Thereafter, Ms. Harvey's attorney, Mr. Allenstein, sent a letter to Standard on April 8, 2010, that purported to appeal the denial by the ARU unit. Standard was under no obligation by the terms of the Plan to perform a second review. Nevertheless, Standard responded to Mr. Allenstein's request by letter dated April 19, 2010, by which it "agree[d] to perform an extra-contractual review (i.e., a second review by The Standard's Administrative Review Unit)," but stipulated that "[t]his review will not be subject to regulatory timeframes." Still, Standard "committed to completing a timely review" and authorized sixty days for Mr. Allenstein to submit additional information.

Mr. Allenstein submitted additional information over the course of the next four months, faxing his last document – the vocational report by Dr. Crunk – to Standard on August 19, 2010. After receiving these additional documents, Standard obtained a Physician Consultant Memo from Dr. Lindquist on August 31, 2010, and a report from Vocational Case Manager Karol Paquette on September 2, 2010. Before Standard issued a decision on its extra-contractual review, Ms. Harvey filed this lawsuit on October 26, 2010.

(Doc. 48 at 19-20 in 4:13-cv-1674-VEH) (original emphasis and citations omitted).

In *Harvey I*, Harvey argued

that Standard never issued a final decision concerning its latest review of Ms. Harvey's claim, and, therefore, the *de novo* standard of review should apply in lieu of the Eleventh Circuit's multi-step framework. . .. Next, Ms. Harvey contends that under either the *de novo* standard or the Eleventh Circuit's multi-step framework, Standard's determination

>denying LTD benefits was wrong and is due to be reversed because its decision was tainted by conflict of interest, rendering it arbitrary and capricious.

*Id.* at 1277-78. This court concluded that Harvey's "argument that Standard's failure to render a decision on her second appeal within the ERISA regulatory time frames is a "deemed denial" that requires *de novo* review is without merit." *Id.* at 1281. Next, the court concluded that

>Standard's decision was reasonable based on the terms of the Plan and the administrative record. Moreover, the court does not find any persuasive indicators that conflict of interest tainted Standard's decision. Therefore, Standard's decision was not arbitrary and capricious and stands to be affirmed.

*Id.* at 1292-93. The court dismissed the case on March 29, 2012. That decision was affirmed by the Eleventh Circuit in *Harvey v. Standard Ins. Co.*, 503 F. App'x 845, 849 (11th Cir. 2013).

### B. The Allegations In This Case

In the complaint in the instant case, the plaintiff refers to the decision in *Harvey I*, and writes that this court "disregarded the voluntary appeal and disregarded the evidence submitted in support of the appeal." (Doc. 1-1). She also alleges that "[o]n July 9, 2013, [p]laintiff, through counsel, requested a decision on the second appeal," but that Standard "refused." (Doc. 1-1 at 5). Harvey now insists that she "has exhausted her administrative remedies on the second appeal," and seeks review

5

of Standard's decision. (Doc. 1-1 at 5).

## II.   ANALYSIS

The thrust of the defendant's motion, and the plaintiff's response, is directed to whether the instant case is barred by the doctrines of *res judicata* and/or collateral estoppel. Indeed, the parties requested that this case be reassigned to the undersigned because of her experience with *Harvey I*. (Docs. 5 and 6). However, the court sees no need to explore those issues because, as also noted by the defendant, the plaintiff's claim is barred by the applicable statute of limitations.

Here, the Policy contains the following limitations period for initiating civil actions to recover benefits allegedly due under the Policy:

> TIME LIMITS ON LEGAL ACTIONS
>
> No action at law or in equity may be brought until 60 days after you have given us Proof of Loss. No such action may be brought more than three years after the earlier of:
>
> 1. The date we receive Proof of Loss; and
>
> 2. The time within which Proof of Loss is required to be given.

(Doc. 4-1 at 28).

The parties have not been clear as to the exact date when the proof of loss was due, or was received by the defendant. However, since Standard first denied the LTD claim on October 27, 2009, it is fair to assume that the proof of loss was at least

received by the defendant <u>before</u> that date, triggering the running of the limitations period. Even if the court begins counting <u>on</u> October 27, 2009, this action, not filed until August 8, 2013, was filed well past the three year limitations period.

The plaintiff does not argue that the three year limitations period is unreasonable, nor does she give any other reason why it should not be enforced as written. In response to this argument, she merely writes: "The statute of limitations is not a bar. The statute began to run on 7/15/13 when Standard refused to issue a decision on the second appeal." (Doc. 10 at 21). This argument is wholly undeveloped and without support; therefore, the court is under no obligation to consider it. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n. 16 (11th Cir.2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir.1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).[1]

---

[1] The plaintiff may be arguing that the statute of limitations should have been tolled while she exhausted her administrative remedies. Although the Eleventh Circuit has not yet decided whether contractual limitations periods should be tolled pending the exhaustion of administrative remedies, some courts have found it prudent to do so. *See, Tabb-Pope v. SAN, Inc.*, 7:12-2139-AKK, 2013 WL 5707327 (N.D. Ala. Oct. 21, 2013) (setting out the various holdings yet still declining to toll the limitations period). The problem with that argument is that the Eleventh Circuit, in ruling on the plaintiff's appeal of *Harvey I*, and well aware of the pending "undecided" appeal, held that the plaintiff had exhausted her administrative remedies on March 15, 2010. *Harvey*, 503 F. App'x at 848-849 (discussing the administrative appellate review of her claim, the denial of her appeal, and holding that "[a]t that point, Harvey was free to file suit in federal court having exhausted her administrative remedies under her LTD benefits policy."). Assuming that the limitations period started on <u>that</u> date, this case was still filed after

## III. CONCLUSION

Based on the foregoing, the defendant's motion to dismiss is due to be **GRANTED**. The case will be dismissed by separate order.

**DONE** and **ORDERED** this 29th day of October, 2013.

                                                */s/ Virginia Emerson Hopkins*

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge

---

the limitations period expired.  Further, the plaintiff does not explain, nor provide authority for, why the court should use July 15, 2013, as the date the statute began to run.